UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MARK BILELLO, DDS; PEGGY BILELLO;
and QUEST IRA, INC. FBO MARK J. BILELLO
IRA ACCOUNT 3130711,

        Plaintiffs,

v.

        CASE NO.:

BRANDON SCHWAB; KELLI SCHWAB;
STEVE MASKREY; THERESA MASKREY;
BOUTIQUE SENIOR LIVING ACADEMY LLC;
SHEPHERD CAPITAL LLC; SHEPHERD CAPITAL
LLC HUNTLEY; SHEPHERD CAPITAL LLC
HUNTLEY 2; SHEPHERD CAPITAL BULL VALLEY,

        Defendants.

## COMPLAINT

COME NOW, Plaintiffs MARK BILELLO, DDS, PEGGY BILELLO, and QUEST IRA, INC. FBO MARK J. BILELLO IRA ACCOUNT 3130711 (collectively the "Plaintiffs"), by and through their undersigned counsel, file this Complaint against Defendants BRANDON SCHWAB ("Schwab"), KELLI SCHWAB ("K. Schwab"), STEVE MASKREY ("S. Maskrey"), THERESA MASKREY ("T. Maskrey"), BOUTIQUE SENIOR LIVING ACADEMY, LLC ("Boutique"), SHEPHERD CAPITAL LLC ("SC"), SHEPHERD CAPITAL LLC HUNTLEY ("SC Huntley"), SHEPHERD CAPITAL LLC HUNTLEY 2 ("SC Huntley 2"), and SHEPHERD CAPITAL LLC BULL VALLEY ("SC Bull Valley") (collectively the "Defendants"), and state as follows:

## SUMMARY OF CASE

Defendants sold hundreds of thousands of dollars in unregistered promissory notes without meeting an exemption under 15 U.S.C. § 77r(b). Additionally, the Defendants engaged in the sale of securities without registering as a broker-dealer with the United States Securities

1

and Exchange Commission and made fraudulent misrepresentations when offering the securities. Thus, Defendants violated the Securities Act of 1933, the Securities Exchange Act of 1934 and the Illinois Securities Law of 1953. As a result, Plaintiffs seek both injunctive relief and monetary damages.

## INTRODUCTION

1. This is a cause of action for violation of Sections 5, 12, and 15 of the Securities Act of 1933 [15 U.S.C. §§ 77e(a), 77e(c), 77l, and 77o], Section 10b [15 U.S.C. § 78j(b), Rule 10b-5(a) and (c) [17 C.F.R. § 240.10b-5(a) and (c)] of the Securities Exchange Act of 1934, 815 ILCS 505/1, ch. 121 1/2, par. 137.5, and Section 2a, of the Illinois Securities Law of 1953, negligent misrepresentation and breach of contract.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 to the extent this action arises under the Constitution, laws, or treaties of the United States.

3. This Court has jurisdiction over this proceeding pursuant to Section 4A(c) of the Securities Act of 1933 [15 U.S.C. § 78aa].

4. Venue is proper in this district pursuant to Section 22 of the Securities Act of 1933 [15 U.S.C. § 78aa] and 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims made herein occurred in the Northern District of Illinois. In addition, all Defendants reside, transact business, and operate their principal place of business within this district.

5. All conditions precedent to this action have been performed, satisfied, or waived.

## PARTIES

6. Plaintiff MARK BILELLO, DDS, is, and was at all times material hereto, an individual over the age of 18, *sui juris*, and a citizen of Louisiana.

7. Plaintiff PEGGY BILELLO, is, and was at all times material hereto, an individual over the age of 18, *sui juris*, and a citizen of Louisiana.

8. Defendant BRANDON SCHWAB, is, and was at all times material hereto, an individual over the age of 18, *sui juris*, and a citizen of Illinois.

9. Defendant KELLI SCHWAB, is, and was at all times material hereto, an individual over the age of 18, *sui juris*, and a citizen of Illinois.

10. Upon information and belief, Defendant STEVE MASKREY is, and was at all times material hereto, an individual over the age of 18, *sui juris*, and a citizen of Illinois.

11. Upon information and belief, Defendant THERESA MASKREY is, and was at all times material hereto, an individual over the age of 18, *sui juris*, and a citizen of Illinois.

12. Upon information and belief, Defendant BOUTIQUE SENIOR LIVING ACADEMY, LLC, is, and was at all times material hereto, an Illinois Limited Liability Company, with its principal place of business in Illinois, with members, all of whom are individuals domiciled in and citizens of Illinois.

13. Upon information and belief, Defendant SHEPHERD CAPITAL LLC, is, and was at all times material hereto, an Illinois Limited Liability Company, with its principal place of business in Illinois, with members, all of whom are individuals domiciled in and citizens of Illinois.

14. Upon information and belief, Defendant SHEPHERD CAPITAL LLC, HUNTLEY, is, and was at all times material hereto, an Illinois Limited Liability Company, with its principal place of business in Illinois, with members, all of whom are individuals domiciled in and citizens of Illinois.

15. Upon information and belief, Defendant SHEPHERD CAPITAL LLC, HUNTLEY 2, is, and was at all times material hereto, an Illinois Limited Liability Company, with its principal place of business in Illinois, with members, all of whom are individuals domiciled in and citizens of Illinois.

16. Upon information and belief, Defendant SHEPHERD CAPITAL LLC, BULL VALLEY, is, and was at all times material hereto, an Illinois Limited Liability Company, with its principal place of business in Illinois, with members, all of whom are individuals domiciled in and citizens of Illinois.

## STATEMENT OF FACTS

17. Upon information and belief, the Defendants entered into joint ventures to market and sell unregistered securities.

18. The Defendants are currently holding numerous unregistered securities in the name of the various Defendants.

19. Defendant Schwab offered and sold the unregistered securities held in the names of the various Defendants.

20. None of the Defendants are currently registered or have ever registered as a broker-dealer with the United States Securities and Exchange Commission ("SEC").

21. None of the Defendants have ever registered their proffered securities with the SEC.

22. None of the proffered securities are exempt from registration under 15 U.S.C. § 77r(b).

23. None of the Defendants are currently registered or have ever registered as a broker-dealer with the State of Illinois.

24. None of the Defendants have ever registered their proffered securities with the State of Illinois.

25. Beginning in 2018, Defendants solicited Plaintiff Mark Bilello, DDS in person and through e-mail, offering to sell Plaintiff Mark Bilello, DDS various securities.

26. Defendant S. Maskrey and Defendant T. Maskrey presented Plaintiff Mark Bilello, DDS with an informational presentation whereby Defendant Schwab offered Ten (10%) Percent Preferred Return in the first year of investments, and Ten (10%) Percent equity in the second year of the investment.

27. Following the presentation, Defendants S. Maskrey and T. Maskrey provided Plaintiff Mark Bilello, DDS, with Defendant Schwab's contact information and urged him to contact Defendant Schwab promptly so he did not miss the opportunity to invest.

28. Based upon Defendant S. Maskrey and T. Maskrey's representations, Plaintiff Mark Bilello, DDS contacted Defendant Schwab by phone and expressed his interest in investing, and further communicated through e-mail following the initial phone conversation.

29. Defendant Schwab communicated basic investment details to Plaintiff Mark Bilello, DDS, and indicated that upon investment, the properties would be refinanced using "take out financing" and return the capital of Plaintiff Mark Bilello, DDS's investments.

30. Following the further communication with Defendant Schwab and relying on the promise of refinancing, Plaintiff Mark Bilello, DDS invested with the Defendants in his

individual capacity as well as in the name of his retirement account: Plaintiff Quest IRA, Inc. fbo Mark J. Bilello IRA Account 3130711.

31. Beginning in 2019, Defendant Schwab solicited Plaintiff Peggy Bilello through e-mail, offering to sell Plaintiff Peggy Bilello various securities in the same manner as Plaintiff Mark Bilello, DDS.

32. Based upon representations made by Defendant Schwab, Plaintiff Peggy Bilello did in-fact invest with Defendant Schwab.

33. However, Plaintiff Mark Bilello, DDS and Plaintiff Quest IRA, Inc. fbo Mark J. Bilello IRA Account 3130711 have not received payments since January 2020, and Plaintiff Peggy Bilello has not received a payment since March 2020.

34. Defendant Schwab assured Plaintiffs, on multiple occasions, that the properties would be refinanced "by the end of the quarter."

35. However, when the end of each passing quarter came, the properties still were not refinanced and the Plaintiffs capital was not returned.

36. Defendant Schwab claimed the properties could not be refinanced due to the COVID-19 pandemic.

37. Now, Defendant Schwab is claiming the properties cannot be refinanced because interest rates are too high.

38. To date, the Plaintiffs have not received notice that the properties have been refinanced and the Plaintiffs capital has not been returned.

39. In August 2022, Defendant Schwab sent a video to the Plaintiffs explaining the status of the five (5) properties for which their investments were used in, stating that the properties were still to be refinanced.

40. Upon information and belief, Defendant Schwab did not follow through with the refinancing of the investment properties.

41. In October 2022, Defendant Schwab sent a "State of Shepherd" Quarter 2022 video update where Defendant Schwab attempted to unilaterally add a two (2) year extension to the original three (3) year loans Plaintiffs made, having yet to make a payment to either of the Plaintiffs since 2020.

42. In December 2022, Defendant Schwab again solicited Plaintiff Mark Bilello, DDS, stating that business with Shepherd Premier Living was ongoing in an effort to refinance

5

the properties and asked for an additional One Hundred Thousand ($100,000) Dollars in investments, having not made a payment on the original loans since 2020.

43. Defendants at no time provided Plaintiffs with a private placement memorandum, Subscription Agreement, risk disclosure, or other financial disclosure from any of the Defendants with respect to their investments.

44. Plaintiffs were at no time ever vetted to be either an accredited or sophisticated investor.

45. Plaintiffs provided to Defendant Schwab hundreds of thousands of dollars for numerous promissory notes and partnership agreements held in the name of SC, SC Huntley, SC Huntley 2, and SC Bull Valley and did-in fact purchase unregistered securities offered by the Defendants.

46. The Defendants executed several promissory notes and partnership agreements with Plaintiffs which contained false representations. For example, the Defendants agreed to (a) make monthly payments to Plaintiffs until all principal, interest, and other charges were satisfied, (b) provide monthly accounting reports and statements for all partners, and (c) deliver immediate payment of all unpaid principal and interest which has not been paid after thirty (30) days' notice of default. Yet, (a) late charges have incurred due to the Defendants' delinquent monthly agreed upon payments to Plaintiffs', (b) Plaintiffs' have not received monthly accounting reports or statements, and (c) Defendants failed to deliver immediate payment of all unpaid principal and interests following the Plaintiffs' thirty (30) days' written notice of default.

47. Defendant Schwab represented that he was to use the invested funds raised and received from Plaintiffs to purchase land, real estate, and build assisted living facilities and even represented to Plaintiffs profits to be generated by renting the properties out to various tenants.

48. As a direct and proximate cause of Defendants' actions described herein, Plaintiffs have suffered and continue to suffer damages including, but not limited to economic damages, damage to reputation in the community, and ongoing damages.

49. As a direct and proximate cause of Defendants' actions, Plaintiffs have been required to retain the undersigned counsel and incur necessary legal fees and costs.

## COUNT I
### SELLING UNREGISTERED SECURITIES IN INTERSTATE COMMERCE IN VIOLATION OF SECTION 5(a) OF THE SECURITIES ACT OF 1933 (15 U.S.C. 77e(a)) ALL DEFENDANTS

50. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 49 as if specifically set forth herein.

51. From 2018 until to-date, Defendants, without registration statements in effect as to the securities, directly or indirectly, made use of means or instruments of transportation or communication in interstate commerce or of the mails to sell securities through the use or medium of any prospectus or otherwise.

52. Defendants' actions violate 15 U.S.C. § 77e(a).

53. As a direct and proximate result of the Defendants' conduct, Plaintiffs have suffered and will continue to suffer actual, material, and ongoing damages.

54. Plaintiffs have retained the undersigned counsel for the purpose of pursuing this matter against the Defendants.

## COUNT II
### FAILURE TO FILE NECESSARY REGISTRATION STATEMENT IN VIOLATION OF SECTION 5(c) of the SECURITIES ACT OF 1933 (15 U.S.C. § 77e(c)) ALL DEFENDANTS

55. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 49 as if specifically set forth herein.

56. From 2018 until to-date, Defendants, without registration statements in effect as to the securities, directly or indirectly, made use of a means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell through the use or medium of any prospectus or otherwise any security.

57. Defendants' actions violate 15 U.S.C. § 77e(c).

58. As a direct and proximate result of the Defendants' conduct, Plaintiffs have suffered and will continue to suffer actual, material, and ongoing damages.

59. Plaintiffs have retained the undersigned counsel for the purpose of pursuing this matter against the Defendants.

## COUNT III
### SELLING A FRAUDULENT SECURITY IN VIOLATION OF 15 U.S.C. § 77l
### ALL DEFENDANTS

60. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 49 as if specifically set forth herein.

61. From 2018 until to-date, Defendants knowingly offered and sold securities by use of a means or instruments or transportation or communication in interstate commerce or of the mails, which contained untrue statements of material facts and omissions to state material facts necessary to make their statements not misleading.

62. Defendants' actions violate 15 U.S.C. § 77l.

63. As a direct and proximate result of the Defendants' conduct, Plaintiffs have suffered and will continue to suffer actual, material, and ongoing damages.

64. Plaintiffs have retained the undersigned counsel for the purposes of pursuing this matter against the Defendants.

## COUNT IV
### CONTROLLING AND SELLING A FRAUDULENT SECURITY IN VIOLATION OF 15 U.S.C. § 77o
### DEFENDANTS SCHWAB AND K. SCHWAB

65. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 49 as if specifically set forth herein.

66. From 2018 to-date, Defendant Schwab and K. Schwab knowingly and in connection with an agreement controlled Boutique, SC, SC Huntley, SC Huntley 2, and SC Bulley Valley which offered and sold securities by use of a means or instrument of transportation or communication in interstate commerce or of the mails, which contained untrue statements of material facts and omissions to state material facts necessary to make their statements not misleading.

67. Defendant Schwab's and Defendant K. Schwab's actions violate 15 U.S.C. § 77lo.

68. As a direct and proximate cause of Defendant Schwab and K. Schwab's conduct, Plaintiffs have suffered and will continue to suffer actual, material, and ongoing damages.

69. Plaintiffs have retained the undersigned counsel for the purposes of pursuing this matter against the Defendants.

## COUNT V
### FRAUD IN CONNECTION WITH THE PURCHASE AND SALE OF SECURITIES IN VIOLATION OF SECTIONS 10(b) [15 U.S.C. §78j(b)] AND RULE 10b-5(a) AND (c) [17 C.F.R. § 240.10b-5(a) AND (c)] OF THE SECURITIES EXCHANGE ACT OF 1934
### ALL DEFENDANTS

70. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 49 as if specifically set forth herein.

71. Defendants, by engaging in the conduct described above, directly or indirectly, by the use or means of instrumentalities of interstate commerce or use of the mails, in connection with the purchase and sale of securities, (a) made a misstatement or omission, (b) of material fact, (c) with scienter, (d) in connection with the purchase or sale of securities, (e) upon which the Plaintiffs relied, and (f) that reliance proximately caused the Plaintiffs' injuries.

72. Defendants Schwab, S. Maskrey and T. Maskrey initially told Plaintiffs that the properties they were investing in would be refinanced and that the Plaintiffs would receive the capital of their investments back upon refinancing.

73. Plaintiffs made their investments under the assumption that they would receive the capital of their investments back with the option to reinvest.

74. Refinancing on the invested properties did not and has yet to occur.

75. Plaintiffs have not received the initial capital back that they invested.

76. Defendants' actions violate Sections 10(b) [15 U.S.C. § 78j(b)] and Rule 10b-5(a) and (c) [17 C.F.R. § 240.10b-5(a) and (c) of the Securities Act of 1934.

77. As a direct and proximate cause of the Defendants' conduct, Plaintiffs have suffered and will continue to suffer actual, material, and ongoing damages.

78. Plaintiffs have retained the undersigned counsel for the purposes of pursuing this matter against the Defendants.

## COUNT VI
### FRAUD IN CONNECTION WITH THE PURCHASE AND SALE OF SECURITIES IN VIOLATION OF ILL. REV. STAT. 1979, CH. 121 1/2, PAR. 262, SECTION 2 OF THE CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### ALL DEFENDANTS

79. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 49 as if specifically set forth herein.

80. Defendants, by engaging in the conduct described above, directly or indirectly, used deceptive acts or practices, including by not limited to the use or employment of any deception fraud, false pretenses, false promises, misrepresentations or concealments, suppressions or omissions of any material fact, with the intent that others rely upon the concealment, suppression or omission of such material fact, and Plaintiffs have been misled, deceived, and damaged as a result.

81. Defendants Schwab, S. Maskrey and T. Maskrey committed fraudulent acts when they convinced the Plaintiffs to purchase securities under the assumption the properties would be refinanced and that the Plaintiffs' capital would be returned promptly.

82. Defendants' actions violate Ill. Rev. Stat. 1979, Ch. 121 1/2, par. 262 of Section 2 of the Consumer Fraud and Deceptive Business Practices Act.

83. As a direct and proximate cause of the Defendants' conduct, Plaintiffs have suffered and will continue to suffer actual, material, and ongoing damages.

84. Plaintiffs have retained the undersigned counsel for the purposes of pursuing this matter against the Defendants.

## COUNT VII
## NEGLIGENT MISREPRESENTATION
## ALL DEFENDANTS

85. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 49 as if specifically set forth herein.

86. Defendants negligently misrepresented their intended use of Plaintiffs' funds; the proposed refinancing of the investment properties; and their credentials.

87. Defendants made negligent misrepresentations and should have known their representations were false due to their failure to make payments owed to Plaintiffs; their failure to take proactive steps in securing the refinancing of the investment properties; and their failure to register with either the SEC or the State of Illinois.

88. Defendants intended to induce Plaintiffs to act based upon their misrepresentations for which Plaintiffs did in-fact act by investing with Defendant Schwab.

89. As a direct and proximate cause of the Defendants' conduct, Plaintiffs have suffered and will continue to suffer actual, material, and ongoing damages.

90. Plaintiffs have retained the undersigned counsel for the purposes of pursuing this matter against the Defendants.

**COUNT VIII**
**NEGLIGENT MISREPRESENTATION**
**SELLING UNREGISTERED SECURITIES IN VIOLATION OF CH. 121 ½, PAR. 137.5**
**OF THE ILLINOIS SECURITIES LAW OF 1953**
**ALL DEFENDANTS**

91. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 49 as if specifically set forth herein.

92. From 2018 to date, Defendants offered and sold unexempt securities in the State of Illinois not subject to any security exemption.

93. Defendants' actions violate Ch. 121 1/2, par. 137.5 of the Illinois Security Law of 1953.

94. As a direct and proximate cause of Defendants' conduct, Plaintiffs have suffered and will continue to suffer actual, material, and ongoing damages.

95. Plaintiffs have retained the undersigned counsel for the purposes of pursuing this matter against the Defendants.

**COUNT IX**
**SELLING SECURITIES AS AN UNREGISTERED BROKER-DEALER IN VIOLATION**
**OF SECTION 2a OF THE ILLINOIS SECURITIES LAW OF 1953**
**ALL DEFENDANTS**

96. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 49 as if specifically set forth herein.

97. From 2018 to date, Defendants transacted business selling unregistered securities as unregistered broker-dealers in the State of Illinois.

98. Defendants' actions violate Section 2a of the Illinois Securities Law of 1953.

99. As a direct and proximate result of the Defendants' conduct, Plaintiffs have suffered and will continue to suffer actual, material, and ongoing damages.

100. Plaintiffs have retained the undersigned counsel for the purpose of pursuing this matter against the Defendants.

## COUNT X
## SELLING A FRADULENT SECURITY IN VIOLATION OF SECTION 12(G) OF THE ILLINOIS SECURITIES LAW OF 1953
## ALL DEFENDANTS

101. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 49 as if specifically set forth herein.

102. From 2018 to-date, Defendants offered and sold securities in writing which contained untrue statements of material facts and omissions to state material facts necessary to make their statements not misleading.

103. Defendants' actions violate Section 12(G) of the Illinois Securities Law of 1953.

104. As a direct and proximate result of the Defendants' conduct, Plaintiffs have suffered and will continue to suffer actual, material, and ongoing damages.

105. Plaintiffs have retained the undersigned counsel for the purpose of pursuing this matter against the Defendants.

## COUNT XI
## BREACH OF CONTRACT
## ALL DEFENDANTS

106. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 49 as if specifically set forth herein.

107. Defendants offered Plaintiffs equity in various LLC's in exchange for a capital investment.

108. Defendants entered into and executed valid partnership agreements for the benefit of Plaintiffs, attached hereto as Exhibit A, Exhibit B, and Exhibit C, and made a part hereof,

109. Plaintiffs provided to Defendants valuable consideration in exchange for equity in various LLC's.

110. Plaintiffs satisfied all conditions precedent under the partnership agreements.

111. In violation of Paragraph 3 of the partnership agreements Defendants failed to provide Plaintiffs with monthly accounting reports and statements.

112. In violation of Paragraph 4.3 of the partnership agreements, Defendants failed to pay the agreed upon annual interest to the Plaintiffs.

113. The Defendants' conduct amounts to a material breach under the partnership agreements.

114. As a result of the Defendants' conduct, the Plaintiffs' obligations to perform under the partnership agreements were excused.

115. As a direct and proximate cause of the Defendants' conduct, Plaintiffs have suffered and will continue to suffer actual, material, and ongoing damages.

116. Plaintiffs have retained the undersigned counsel for the purpose of pursuing this matter against the Defendants.

## COUNT XI
## BREACH OF CONTRACT
## ALL DEFENDANTS

117. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 49 as if specifically set forth herein.

118. Defendants offered Plaintiffs repayment with interest on promissory notes in exchange for capital investment.

119. Defendants entered into and executed valid promissory notes for the benefit of the Plaintiffs, attached hereto as Exhibit D, Exhibit E, and Exhibit F, and made a part hereof.

120. Plaintiffs provided to Defendants valuable consideration in exchange for the promissory notes.

121. Plaintiffs satisfied all conditions under the promissory notes.

122. In violation of Paragraph 1 of the promissory notes, Defendants failed to pay Plaintiffs all principal and interest due under the promissory notes until the promissory notes were paid in full.

123. In violation of Paragraph 6(A) of the promissory notes, Defendants failed to pay late charges incurred for overdue payments.

124. In violation of Paragraph 6(C) of the promissory notes, Defendants failed to pay the full amount of principal which had not been paid, interest on the amount owed, or late charges incurred following thirty (30) days' notice of default.

125. The Defendants' conduct amounts to a material breach under the promissory notes.

126. As a direct and proximate result of the Defendants' conduct, Plaintiffs have suffered and will continue to suffer actual, material, and ongoing damages.

127. Plaintiffs have retained the undersigned counsel for the purpose of pursuing this matter against the Defendants.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs request that this Court enter a judgment against the Defendants and grant the following relief:

    A.    Find that the Defendants violated the registration provisions of the federal securities laws as alleged herein:

    B.    Issue a permanent injunction enjoining Defendants from violating Sections 5, 12, and 15 of the Securities Act of 1933 [15 U.S.C. §§ 77e(a), 77e(c), 77l, and 77o], Section 10b [15 U.S.C. § 78j(b), Rule 10b-5(a) and (c) [17 C.F.R. § 240.10b-5(a) and (c)] of the Securities Exchange Act of 1934, 815 ILCS 505/1, ch. 121 1/2, par. 137.5, and Section 2a, of the Illinois Securities Law of 1953, and breach of contract.

    C.    Find that the Defendants violated the registration provisions of the State of Illinois as alleged herein;

        D.    Order Defendants to disgorge all gains and to pay prejudgment interest thereon;

        E.    Award Plaintiffs compensatory damages;

        F.    Award Plaintiffs statutory damages;

        G.    Award Plaintiffs attorneys' fees and costs incurred in prosecution of this action; and

        H.    Award Plaintiffs such other and further relief as is just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury on all issues triable by jury.

Dated this 5th day of April, 2023.

                                                                        PINO LAW GROUP, PLLC
                                                                        99 South New York Avenue
                                                                        Winter Park, FL 32789
                                                                        Telephone: (407) 425 – 7831
                                                                        Facsimile: (407) 206 – 6565
                                                                        Email: ljp@pinolawgroup.com

                                                                        */s/ Laurence J. Pino*
                                                                        DR. LAURENCE J. PINO, ESQ.
                                                                        Florida Bar No: 233749

                                                                        *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 5, 2023, I electronically filed the foregoing with the Clerk of Courts by using the CM/ECF system, which will send a Notice of Electronic Filing to counsel of record identified on the Service List.

*/s/ Laurence J. Pino*
DR. LAURENCE J. PINO, ESQ.